Oliver ODEDO, Petitioner,

v.

Alberto R. GONZALES, Attorney General, Respondent.

No. 05–71004.

United States Court of Appeals, Ninth Circuit.

Submitted Aug. 27, 2007.*

Filed Sept. 6, 2007.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Oliver Odedo, Las Vegas, NV, pro se.

Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, District Counsel, Immigration and Naturalization Service Office of the District Counsel, Seattle, WA, Ann Carroll Varnon, Esq., U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: WALLACE, LEAVY, and THOMAS, Circuit Judges.

## MEMORANDUM **

Oliver Odedo, a native and citizen of Nigeria, petitions pro se for review of the Board of Immigration Appeals' order affirming an immigration judge's ("IJ") decision denying his application for asylum, withholding of removal and protection under the Convention Against Torture ("CAT"). To the extent we have jurisdiction, it is under 8 U.S.C. § 1252. We dismiss in part and deny in part the petition for review.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

The IJ determined that Odedo's aggravated felony convictions rendered him statutorily ineligible for asylum, 8 U.S.C. § 1158(b)(2)(B)(i), and Odedo did not challenge those convictions before the BIA. We therefore lack jurisdiction to consider whether he's eligible for asylum. *See Vargas v. INS,* 831 F.2d 906, 907–08 (9th Cir.1987).

Substantial evidence supports the agency's determination that Odedo failed to establish eligibility for withholding of removal or protection under CAT. Although there is evidence of religious violence in Nigeria, the record does not compel a reasonable fact finder to conclude that it is more likely than not that Odedo would be persecuted or tortured if returned to Nigeria. *See Faruk v. Ashcroft,* 378 F.3d 940, 944 (9th Cir.2004); *see also Zheng v. Ashcroft,* 332 F.3d 1186, 1188 (9th Cir.2003) (quoting 8 C.F.R. § 208.18(a)(1) (2002)) (emphasis and internal quotations omitted).

We reject Odedo's due process claims because he did not show he was "prevented from reasonably presenting his case." *See Colmenar v. INS,* 210 F.3d 967, 971 (9th Cir.2000) (internal quotations marks and citation omitted).

**PETITION FOR REVIEW DISMISSED in part and DENIED in part.**